NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000658
20-JAN-2016
09:40 AM

NO. CAAP-15-0000658

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

JASON HESTER, as individual and as Successor Overseer,
The Office of the Overseer and His Successor, Over/For The
Popular Assembly of Revitalize, a Gospel of Believers,
Plaintiff/Counterclaim-Defendant/Appellee
v.
LEONARD GEORGE HOROWITZ and THE ROYAL BLOODLINE OF DAVID,
Defendants/Counterclaim-Plaintiffs/Appellants
and
JACQUELINE LINDENBACH HOROWITZ,
Defendant/Counterclaim-Plaintiff/Appellee,
and
PHILIP MAISE, Intervenor-Appellee,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE
ENTITIES and DOE GOVERNMENTAL UNITS 1-10, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 05-1-196K)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Fujise and Reifurth, JJ.)

Upon review of the record, it appears that we lack

appellate jurisdiction over Defendants/Counterclaim-Plaintiffs/

Appellants Leonard George Horowitz's (Leonard Horowitz) and the

Royal Bloodline of David's (Royal Bloodline of David) appeal from

the Honorable Ronald Ibarra's June 19, 2015 Fourth Amended Final

Judgment (Fourth Amended Judgment) because the Fourth Amended

Judgment does not satisfy the requirements for an appealable

judgment under Hawaii Revised Statutes (HRS) § 641-1(a) (1993 &

Supp. 2015), Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP), and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the Hawai'i Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i in <u>Jenkins</u> held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>Jenkins</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on <u>Jenkins</u> and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." <u>Carlisle v. One (1) Boat</u>, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008); <u>Bailey v. DuVauchelle</u>, 135 Hawai'i 482, 489, 353 P.3d 1024, 1031 (2015). Furthermore,

> if a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) <u>dismiss any claims not specifically identified</u>[.]

<u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338 (emphasis added).

"[A]n appeal from any judgment will be dismissed as premature if the judgment does not, <u>on its face</u>, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." <u>Id.</u> (original

-2-

emphasis).

In the instant case:

1.    The Fourth Amended Judgment does not resolve all claims against all parties.  While the Fourth Amended Judgment addresses many of the claims raised, it does not address all of the claims, and it does not dismiss the claims not specifically identified; and

2.    The Fourth Amended Judgment also does not contains the finding necessary for certification under HRCP Rule 54(b), which is required to appeal a "judgment as to one or more but fewer than all of the claims or parties." Instead, the Fourth Amended Judgment only resolves some of the multiple claims in this case as to some of the multiple parties.

The instant case involves the following parties: Plaintiff/Counterclaim-Defendant Jason Hester, as Successor Overseer the Office Overseer, a corporate Sole and Its Successor Over and for the Popular Assembly to Revitalize, a Gospel of Believers (Hester);[1] Defendants/Counterclaim-Plaintiffs Leonard Horowitz, Jacqueline Lindenbach Horowitz (Jacqueline Horowitz), and the Royal Bloodline of David (collectively "Defendants"); and Intervenor-Appellee Philip B. Maise (Maise).

The parties alleged various claims through four separate documents: (1) Hester's June 15, 2005 "Complaint for

---

[1] On August 31, 2009, the Circuit Court substituted Hester for the original plaintiff in the action, Cecil Loran Lee (Lee), who passed away during the course of the proceedings. [JROA doc. 34 at 798]. For the sake of clarity and simplicity, we refer solely to Hester in our discussion as though he had been the plaintiff throughout the course of the proceedings.

-3-

Foreclosure" (Hester's Complaint) **[JROA doc. 32 at 67]**, (2) Defendants' July 6, 2006 "Defendants Counterclaims" (Defendants' Counterclaims), (3) Maise's October 27, 2005 "Complaint in Intervention" (Intervention Complaint) **[JROA doc. 32 at 381]**, and (4) Hester's July 25, 2007 "Counterclaim/Cross Claim Against Intervenor Maise" (Hester's Counterclaim Against Maise) **[JROA doc. 32 at 1115]**.

The Fourth Amended Judgment does not enter judgment on or dismiss all of these claims as to all of the parties. In particular, the Fourth Amended Judgment does <u>not</u> enter judgment on or dismiss any of the multiple claims raised in:

1. Maise's Intervention Complaint against Hester and Leonard Horowitz, Jacqueline Horowitz, and the Royal Bloodline of David; and

2. Hester's Counterclaim Against Maise.

In addition, the Fourth Amendment Judgment does not specifically adjudicate any claims raised against Jacqueline Horowitz with respect to Hester's Complaint.[2]

_____

[2] We note that in a footnote, the Fourth Amended Judgment states that while Jacqueline Horowitz was named in the caption of Hester's Complaint, no claims were alleged against her in Hester's Complaint. We conclude that this statement is wrong. Hester's Complaint identifies Jacqueline Horowitz as a defendant in the caption and Hester's Complaint sought relief against the "Defendants"; Hester's Complaint was served upon Jacqueline Horowitz; Jacqueline Horowitz appeared in the action through counsel and filed a counterclaim; prior judgments entered by the Circuit Court entered judgment in favor of Hester and against Jacqueline Horowitz on claims raised in Hester's Complaint; Jacqueline Horowitz was subjected to a trial on claims raised in Hester's Complaint; and the Circuit Court issued Findings of Fact and Conclusions of Law which granted Hester equitable relief against Jacqueline Horowitz based on claims raised in Hester's Complaint. Thus, we conclude that Hester's Complaint raised claims against Jacqueline Horowitz and that the Circuit Court must resolve such claims in its judgment in order to issue a final judgment with respect to all claims and all parties. If the Circuit Court determines that any claims pertaining to Jacqueline Horowitz (or any other party) not specifically identified in the judgment should be dismissed, it should include in its judgment the statement that all other claims raised by any of the parties are dismissed.

(continued...)

The Fourth Amended Judgment does not adjudicate all claims against all parties in this case; nor does it find no just reason for delay in the entry of judgment as to one or more but fewer than all claims or parties pursuant to HRCP Rule 54(b), a finding that is necessary to afford this court jurisdiction if the judgment fails to adjudicate all claims against all parties in the case. The Fourth Amendment Judgment also does not contain a statement dismissing all other claims not specifically identified, in accordance with the guidance provided in the Jenkins decision on how to enter a final appealable judgment as to all claims and all parties. Instead, the Fourth Amended Judgment concludes with the statement: "This final judgment disposes of all claims, counterclaims and cross-claims raised by any and all parties in this action. There are no remaining claims or parties to be addressed in this action." However, the Hawai'i Supreme Court has held that such language is insufficient to establish an appealable judgment. In Jenkins, the supreme court held:

> A statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Jenkins, 76 Hawai'i at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphases added).

---

2/ (...continued)
We also note that the Fourth Amended Judgment in Paragraph I.b. entered judgment in favor of Hester on the claim for breach of contract/covenant for failure to keep property insurance, but that Paragraph I.b. did not reference any relief provided on that claim. We assume that the relief provided was requiring Defendants to carry insurance set forth in Paragraph I.f. The Circuit Court, however, may wish to clarify the relief provided on this claim.

Under <u>Jenkins</u>, for a judgment that purports to be a final judgment to be appealable, "the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) <u>dismiss any claims not specifically identified</u>[.]  <u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338 (emphasis added).

Because the Fourth Amended Judgment neither resolves all claims against all parties nor contains the finding necessary for certification under HRCP Rule 54(b), the Fourth Amended Judgment fails to satisfy the requirements for an appealable final judgment under HRS § 641-1(a), HRCP Rule 58, and the holding in <u>Jenkins</u>.  Based on the holding in <u>Jenkins</u>, we are required to dismiss this appeal.  Absent an appealable final judgment, the appeal by Leonard Horowitz and the Royal Bloodline of David is premature, and we lack appellate jurisdiction. Therefore,

IT IS HEREBY ORDERED appellate court case number CAAP-15-0000658 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i,  January 20, 2016.

Craig H. Nakamura
Chief Judge

Associate Judge

Associate Judge

-6-